UNITED STATES of America, Plaintiff–Appellee,

v.

Roger D. LEWIS, Defendant–Appellant.

No. 92–2586.

United States Court of Appeals, Seventh Circuit.

Argued April 29, 1993.

Decided July 8, 1993.

Joseph Hartzler (argued), Office of U.S. Atty., Springfield, IL, for plaintiff-appellee.

Brian T. Otwell (argued), Huntley & Giganti, Springfield, IL, for defendant-appellant.

Before POSNER, FLAUM. and KANNE, Circuit Judges.

KANNE, Circuit Judge.

This case presents the question of whether a district court is bound by policy statements contained in the Sentencing Guidelines. In light of recent Supreme Court precedent, we conclude that a district court must follow policy statements unless they contradict a statute or the Guidelines themselves, and accordingly vacate the defendant's sentence.

**I. Background**

On September 19, 1988, Roger Lewis pled guilty to two Class B felonies: distribution of cocaine and possession with intent to distribute cocaine. *See* 21 U.S.C. § 841(a)(1). On February 13, 1989, Lewis was sentenced to 27 months imprisonment and five years supervised release. At sentencing, the district court recognized the defendant's cocaine and alcohol dependency and recommended he receive substance abuse treatment while incarcerated. The terms of Lewis' supervised release required that he participate in a urinalysis program and a drug treatment program (if necessary), and that he refrain from using any controlled substance and possessing any drug paraphernalia.

Lewis' supervised release began on March 13, 1991, when his prison term ended. While in prison Lewis did receive treatment for his substance abuse problems. In April 1991, Lewis gave his probation officer a letter verifying his employment at a local restaurant; the letter was not genuine. On September 20, 1991, Lewis was arrested for possession of a hypodermic needle and syringe. He failed to report this arrest to his probation officer within the proper time limit. In October 1991, Lewis repeatedly failed to submit required urine samples and to keep appointments for drug abuse evaluation.

Because of the foregoing violations, Lewis' probation officer petitioned the court for an arrest warrant and a rule to show cause why Lewis' supervised release should not be re-

voked. A hearing was held on November 19, 1991. The government agreed to continue the petition for revocation to allow Lewis to complete an in-patient substance abuse program. Lewis successfully completed the month-long program and moved into a halfway house for recovering addicts. On April 8, 1992, however, Lewis left the halfway house without notifying his probation officer.

On April 10, 1992, Lewis was arrested for theft and the unlawful use of a credit card. Earlier that day, he had been arrested for possession of crack cocaine. On April 14, Lewis was arrested again for possessing crack cocaine. Lewis did not report any of these arrests to his probation officer. Shortly thereafter, a second amended petition for revocation of Lewis' supervised release was filed.

On May 11, 1992, after hearing evidence, the district court concluded that Lewis had violated his supervised release by possessing crack cocaine on two different occasions, by giving false information to his probation officer, by failing to report four arrests to his probation officer, and by failing to notify his probation officer of his change of address when he left the halfway house.

At the June 8, 1992 sentencing hearing, the defendant argued that, under a Sentencing Guideline policy statement, the district court could not sentence him to more than 20 months imprisonment. The government was granted a continuance to research the issue raised by Lewis. On June 22, 1992, a final sentencing hearing was held. The government argued that the policy statement on which Lewis relied was merely advisory and not binding on the district court. The district court agreed and sentenced Lewis to the statutory maximum of 36 months. This timely appeal followed.

## II. Analysis

Lewis contends that the district court erred by sentencing him to 36 months imprisonment for violating his supervised release. Lewis maintains that proper interpretation of the relevant statutory and Sentenc-

ing Guideline provisions yields a sentence of only 20 months, absent a departure. We agree and believe Lewis must be resentenced.

The district court concluded that Lewis had violated his parole by possessing crack cocaine and failing to comply with several other technical conditions of his supervised release. Under the Guidelines, Lewis' possession of cocaine amounts to a Grade B violation; his other conduct constitutes Grade C violations. U.S.S.G. § 7B1.1(a)(2) and (3), p.s. When a defendant has committed more than one grade of violation, the more serious grade controls for purposes of sentencing. U.S.S.G. § 7B1.1(b), p.s. Thus, Grade B is the applicable violation level which, when combined with Lewis' Criminal History Category of IV,[1] yields a sentence range of 12–18 months imprisonment.

A statute also specifically covers Lewis' situation. Title 18 U.S.C. § 3583(g) provides:

> If the defendant is found by the court to be in possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release.

Because Lewis' term of supervised release is five years, this statute requires that he be sentenced to at least 20 months imprisonment. Another subsection of § 3583 states that upon revocation of supervised release, a defendant may not be required to serve more than 36 months if his underlying offense was a Class B felony. 18 U.S.C. § 3583(e)(3). The government argues that § 3583 permits the district court to sentence Lewis to 36 months imprisonment. We would agree but for a Sentencing Guideline policy statement.

The Sentencing Guideline policy statement provides:

> [W]here the minimum term of imprisonment required by statute, if any, is greater than the maximum of the applicable range, the minimum term of imprisonment re-

---

1. The proper Criminal History Category for sentencing is the category applicable when the defendant was originally sentenced to the term of supervision; Lewis' Criminal History Category was IV at that time. *See* U.S.S.G. § 7B1.4, p.s.

quired by statute *shall* be substituted for the applicable range.

U.S.S.G. § 7B1.4(b)(2), p.s. (emphasis added). Both parties agree that the correct interpretation of this policy statement leads to the conclusion that the district court *must* sentence Lewis to 20 months imprisonment—no more and no less. However, the government contends that the policy statement, like all policy statements, is merely advisory and the district judge may use his discretion to impose a higher sentence, as long as it does not exceed the statutory maximum of 36 months.

While we may have been previously inclined to accept the proposition that policy statements are merely advisory, notwithstanding the language in *Williams v. United States*, —— U.S. ——, ——, 112 S.Ct. 1112, 1119, 117 L.Ed.2d 341 (1992), this view has been explicitly rejected by the Supreme Court's recent decision in *Stinson v. United States*, —— U.S. ——, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). In reaching its holding that Sentencing Guideline commentary is binding, unless contrary to statute or the Guidelines themselves, the Court had the following to say about policy statements: "The principle that the Guidelines Manual is binding on federal courts applies as well to policy statements." *Id.* at ——, 113 S.Ct. at 1917.

In light of *Stinson*, we are compelled to hold that the district court erred by not sentencing Lewis to 20 months imprisonment, absent a departure. From the record, it is clear that the district court, in its pre-*Stinson* decision, did not consider itself bound by policy statements. Moreover, U.S.S.G. § 7B1.4(b)(2) does not conflict with any statute or the Guidelines themselves. Consequently, Lewis must be resentenced.

### III. Conclusion

Because the Sentencing Guideline policy statement at issue in this case has been determined to be binding on the district court, Roger Lewis' sentence is VACATED, and we REMAND his case for resentencing.