29 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wade Anthony JONES, Defendant-Appellant.
 No. 93-10691.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1994.*
Decided June 22, 1994.
 
 Before: GOODWIN, PREGERSON, & RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wade Anthony Jones appeals his 18-month sentence for supervised release violations. He argues that the district court erred in departing from Chapter 7 of the Sentencing Guidelines and contends that the extent of the court's departure was unreasonable. We AFFIRM.
 
 I.
 
 3
 In 1987, Jones pled guilty to various drug charges and was sentenced to five years custody and three years supervised release. He served his prison term and was released in May 1991. In March 1993, the government filed a five-count Petition to Revoke Supervised Release, alleging that Jones stalked Alfrida Bridges from July 7, 1992 to March 3, 1993, in violation of Cal.Pen.Code Sec. 646.9 (Count I); made threatening phone calls to Alfrida Bridges in violation of Cal.Pen.Code Sec. 653(a) on three separate dates (Counts II, III, & IV); and threw a brick through Alfrida Bridges's residence in violation of Cal.Pen.Code Sec. 594(b)(4) (Count V). Jones admitted that he had been convicted in state court of this conduct, and the government submitted a certified judgment of conviction.
 
 
 4
 Regarding his sentence, Jones emphasized that his state convictions were misdemeanors, punishable by less than a year in prison. He therefor contended that, under the policy statements contained in U.S.S.G. Ch. 7, the applicable sentence was three to nine months. See U.S.S.G. Secs.Sec. 7B1.1(a), 7B1.1. (a)(3), 7B1.4. The government contended that the Chapter 7 policy statements are merely advisory and argued that Jones's conduct showed he was a threat to the community.
 
 
 5
 The district court noted that the Eighth Circuit had recently held that Chapter 7 policy statements are merely advisory. See United States v. Levi, 2 F.3d 842 (8th Cir.1993). In addition, the court stated that the Chapter 7 Guidelines did not adequately take into account the violence of Jones's conduct, including his escalating pattern of harassment, his threats to kill Ms. Bridges, the loaded guns found in his apartment, a certain gun battle with police, and his lack of remorse for his recent conduct. The court then sentenced Jones to eighteen months. Jones appealed.
 
 II.
 
 6
 Jones first argues that U.S.S.G. Ch. 7 requires a sentence of three to nine months, absent proof of an aggravating circumstance "not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. Sec. 3553(b); U.S.S.G. Ch. 1, Pt. A4(b), p.s., Sec. 5K2.0; United States v. Carrillo-Alvarez, 3 F.3d 316 (9th Cir.1993). In his view, the district court erred in concluding that U.S.S.G. Ch. 7 policy statements were merely advisory. We disagree.
 
 
 7
 "In general, policy statements interpreting sentencing guidelines are binding on federal courts." United States v. Forrester, 19 F.3d 482, 483 (9th Cir.1994) (discussing Stinson v. United States, --- U.S. ----, 113 S.Ct. 1913, 1917 (1993) and Williams v. United States, --- U.S. ----, ----, 112 S.Ct. 1112 (1992)). However, Chapter 7 "does not purport to interpret a guideline." Id. The U.S.S.G. Ch. 7 policy statements are thus distinguishable from those in Chapters 4 and 5 which interpret specific guidelines and are an integral part of the guidelines themselves. Id.; (distinguishing Stinson, 113 S.Ct. at 1917-18; Williams, 112 S.Ct. at 119-20 on this basis).
 
 
 8
 As the government emphasizes, we therefore recently stated that the U.S.S.G. Chapter 7 policy statements, while they must be considered prior to sentencing, are not binding. Forrester, 19 F.3d at 484 (Skopil, J. concurring); see also United States v. Carper, No. 93-10290, --- F.3d ----, ---- n. 1, slip op. 5340 n. 1 (9th Cir. May 20, 1994). However, Jones argues that Forrester addressed probation, rather than supervised release. He also contends that language in Forrester on which the government relies is dictum, as the Forrester court also relied on the policy statement's alleged inconsistency with 18 U.S.C. Sec. 3565 and noted that, in fact, the defendant's sentence was actually consistent with the Chapter 7 policy statements.[1] In contrast, the Seventh Circuit has held that courts must follow the Chapter 7 policy statements "unless they contradict a statute or the Guidelines." United States v. Lewis, 998 F.2d 497, 499 (7th Cir.1993).
 
 
 9
 However, nine other circuits have held that U.S.S.G. Chapter 7's policy statements must be considered but are not mandatory.[2] As these courts recognize, in promulgating Chapter 7, the Sentencing Commission specifically noted that it opted to promulgate policy statements rather than guidelines because policy statements would provide "greater flexibility" and "allow[ ] for the identification of any substantive or procedural issues that require further review." U.S.S.G. Ch. 7 Pt. A1, A3(a). These comments apply equally to probation and supervised release violations. Id.
 
 
 10
 The district court correctly concluded that it must consider the Chapter 7 policy statements, United States v. Baclaan, 948 F.2d 628, 630-31 (9th Cir.1991), but was not required to follow them.
 
 III.
 
 11
 Jones also contends that, even if the policy statements are merely advisory, his 18-month sentence is unreasonable. This argument is without merit.
 
 
 12
 The record indicates that Jones engaged in a pattern of increasingly violent behavior for over seven months. Police reports, victim statements, a judgment of conviction, the duration of Jones' threatening conduct, and a variety of other evidence all indicate that Jones posed a threat to the community. The district court carefully and thoughtfully considered this evidence and found that Chapter 7 did not adequately take into account the seriousness of Jones's conduct, including the escalating pattern of his harassment and his increasingly violent threats against Ms. Bridges. The court appropriately considered U.S.S.G. Ch. 7, Jones's violent conduct, and did not abuse its discretion.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 3565(a)(2) provides that, if the defendant violates a condition of probation at any time prior to the expiration of his term of probation, the court may revoke the sentence of probation and impose any other sentence that was available at the time of the initial sentencing. The defendant in Forrester had been convicted of bank robbery, which under the guidelines had a prison sentence of between 33 and 41 months. However, the district court had departed downward to probation. When he violated the terms of his probation, the court then imposed a 33-month sentence, even though the applicable sentence under Chapter 7 was 3 to 9 months. On appeal, the court relied both on the court's authority under 18 U.S.C. Sec. 3565 to impose the original sentence and the nonbinding nature of Chapter 7
 
 
 [2]
 See United States v. Sparks, 19 F.3d 1099, 1101 (6th Cir.1994); United States v. Anderson, 15 F.3d 278, 283 (2nd Cir.1994); United States v. O'Neil, 11 F.3d 292, 302 n. 11 (1st Cir.1993); United States v. Levi, 2 F.3d 842 (8th Cir.1993); United States v. Hooker, 993 F.2d 898, 901-02 (D.C.Cir.1993); United States v. Thompson, 976 F.2d 1380, 1381 (11th Cir.1992); United States v. Headrick, 963 F.2d 777, 780 (5th Cir.1992); United States v. Lee, 957 F.2d 770, 773 (10th Cir.1992); United States v. Blackston, 940 F.2d 877, 893 (3rd Cir.1992), cert. denied, 112 S.Ct. 611 (1991)