35 F.3d 568
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ron ERVING, Defendant-Appellant.
 No. 94-1281.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 3, 1994.
Decided Aug. 18, 1994.
 
 Before FAIRCHILD, CUMMINGS and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Following revocation of his supervised release, appellant Ron Erving ("Erving") was sentenced to fifteen months imprisonment. Erving appeals the sentence imposed by the district court. We affirm.
 
 I. BACKGROUND
 
 2
 Erving originally pled guilty to distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). On May 2, 1992, the district court sentenced him to ten months imprisonment to be followed by three years of supervised release. The term of supervised release included standard conditions of release that Erving not possess, use or distribute a controlled substance, and a special condition that Erving participate in substance abuse treatment/counseling, including testing for controlled substances and/or alcohol.
 
 
 3
 On January 19, 1993, Erving was released from federal prison camp and began his supervised release term. On June 11, the government filed a Petition on Supervised Release Action ("the Petition"), which alleged that Erving possessed and used cocaine on June 1 and 2, and also failed to cooperate with substance abuse treatment. A warrant for Erving's arrest was issued, but he was not then arrested. On June 22, Erving was arrested on drug-related charges by Illinois state authorities, and a federal detainer was filed. On September 20, the federal government filed Supplement I to the Petition, which alleged that Erving possessed and distributed cocaine on April 22 and May 27, and also possessed and used cocaine on six additional dates in June.
 
 
 4
 On September 20, Erving pled guilty to three counts of unlawful delivery of cocaine (on April 22 and May 27) in Illinois Circuit Court. The state court sentenced Erving to four years imprisonment on each count, to run concurrently. The court ordered that the sentence be served concurrently with any sentence imposed in federal court regarding Erving's revocation.
 
 
 5
 On November 5, the federal government filed Supplement II, which alleged that Erving delivered cocaine on April 22 and twice on May 27 (based on his guilty plea in state court). Erving was brought before the federal district court by writ. On December 20, Erving pled guilty to the alleged violations of his supervised release contained in the Petition and Supplements I and II.
 
 
 6
 On January 28, 1994, the district court sentenced Erving to fifteen months imprisonment, to run consecutive to the sentence imposed by the state court. Fifteen months was at the bottom of the range derived from Sec. 7B1.4 (a policy statement which provides the imprisonment range for revocation of probation and supervised release). In making the federal sentence consecutive to the state sentence, the district court followed Sec. 7B1.3(f) of the Sentencing Guidelines Manual ("Revocation of Probation or Supervised Released (Policy Statement)"), as suggested by the dispositional report prepared by the probation office.
 
 
 7
 In response to direct questions by the court, Erving and his counsel stated that (except for one minor change irrelevant to this appeal) they had no objections to the dispositional report. The report included provisions that under 18 U.S.C. Sec. 3583(e)(3) Erving was subject to a maximum term of imprisonment of two years; that Erving was subject to a minimum term of twelve months under Sec. 3583(g); that the sentencing guideline range under Sec. 7B1.4 was fifteen to twenty-one months; and that under Sec. 7B1.3(f) the term of imprisonment would be consecutive to the sentence being served.
 
 
 8
 Erving had made a motion for departure so that the federal sentence and state sentence would be concurrent. Judge McDade held an evidentiary hearing. In addition to bringing out the concurrent state sentence, Erving sought to show that in another case in the same district a defendant similarly situated had been permitted to begin service of his federal sentence immediately, so that it ran concurrently with his state sentence.
 
 
 9
 After the hearing Judge McDade referred to Sec. 7B1.3(f), which requires a consecutive sentence, noted "recent case law that indicates that until there is something contrary the Court has to accept the policy statements as controlling law," and rejected the suggestion "that this Court is under some type of obligation to now carry out this unauthorized and uninformed arrangement that state court contemplated." Jan. 28, 1994 Tr. of Sentencing Hr'g at 55-56 ("Tr."). He went on to pronounce sentence.
 
 II. DISCUSSION
 
 10
 Erving contends on appeal that (1) because Sec. 7B1.3 of the Sentencing Guidelines Manual is a policy statement, it is only a recommendation by the Sentencing Commission, which is not binding on courts; (2) Section 7B1.3 conflicts with Sec. 5G1.3, which is the controlling Guideline; and (3) Judge McDade denied departure from Sec. 7B1.3 because he erroneously believed that he could not depart from it.
 
 A. Binding Nature of Sec. 7B1.3(f)
 
 11
 Chapter 7 of the Sentencing Guidelines Manual, "Violations of Probation and Supervised Release," contains policy statements issued by the Sentencing Commission.
 
 
 12
 Erving acknowledges that Sec. 7B1.3 "appears to require" a consecutive sentence in his situation. This court has held that Chapter 7 policy statements are binding on courts. United States v. Lewis, 998 F.2d 497, 499 (7th Cir.1993). We felt compelled by a statement in Stinson v. United States, 113 S.Ct. 1913, 1917 (1993). Other courts, however, have distinguished Stinson and reached the opposite view.[1]
 
 
 13
 The government argues that Erving waived the arguments he presents to this court because he failed to raise them below. As a general proposition, a defendant who fails to raise an objection at sentencing waives such objection on appeal. United States v. Robinson, 20 F.3d 270, 273 (7th Cir.1994). If that is the case, we will only reverse the district court's ruling if it was plain error. Id.; Fed.R.Crim.P. 52(b).
 
 
 14
 Both Stinson and Lewis had been decided before sentencing in this case. Although Judge McDade did not refer to them by name, it seems clear that he had one or both cases in mind in his reference to recent case law. Erving did not address these cases at the time. He did not cite either Stinson or Lewis in his main brief to this court. The government in its brief relied on both. Only in Erving's reply brief did he point to decisions in other circuits which have held that Chapter 7 policy statements are not binding but advisory. Even there he failed to ask that Lewis be overruled. We deem the argument waived.
 
 
 15
 Erving maintains that if Sec. 7B1.3, which requires a consecutive sentence in Erving's situation, is binding on courts, it conflicts with 18 U.S.C. Sec. 3584(a), which grants a district judge discretion to impose either a consecutive or concurrent sentence.[2]
 
 
 16
 A number of other courts have dealt with an analogous claim of conflict. Section 5G1.3 of the Sentencing Guidelines calls for a consecutive sentence in specified situations, and to that extent there is a similar apparent inconsistency between Sec. 5G1.3 and Sec. 3584(a).
 
 
 17
 Erving relies on United States v. Wills, 881 F.2d 823, 826-827 (9th Cir.1989) and United States v. Nottingham, 898 F.2d 390, 393-395 (3d Cir.1990). Both cases hold that Sec. 5G1.3 conflicts with Sec. 3584(a), and that the statute, providing for discretion, must control.
 
 
 18
 The majority of circuits, however, resolve the issue in a different way. Where Sec. 5G1.3 compels a consecutive sentence, those circuits hold there is no collision with the provision of the statute permitting a concurrent sentence as an exercise of discretion because the judge has power to depart from the Guideline result. United States v. Flowers, 995 F.2d 315, 316-317 (1st Cir.1993); United States v. Gullickson, 981 F.2d 344, 349 (8th Cir.1992); United States v. Shewmaker, 936 F.2d 1124, 1128 (10th Cir.1991), cert. denied, 112 S.Ct. 884 (1992); United States v. Stewart, 917 F.2d 970, 973 (6th Cir.1990); United States v. Miller, 903 F.2d 341, 349 (5th Cir.1990); United States v. Rogers, 897 F.2d 134, 137 (4th Cir.1990); United States v. Fossett, 881 F.2d 976, 980 (11th Cir.1989).
 
 
 19
 Our circuit has not decided the issue. See United States v. Schmude, 901 F.2d 555, 561 (7th Cir.1990). The Second Circuit has also discussed, but not decided, the issue. United States v. Vega, 11 F.3d 309, 315 (2d Cir.1993). The Ninth Circuit, without questioning Wills, nevertheless now requires that when a district court elects to use its statutory discretion to "diverge" from the Guideline it must follow the usual departure procedures. United States v. Pedrioli, 931 F.2d 31, 32 (9th Cir.1991).
 
 
 20
 We find the view expressed by the majority to be appropriate and to apply by analogy to any apparent conflict between Sec. 7B1.3 and Sec. 3584(a).
 
 
 21
 B. Relationship of Sec. 7B1.3 and Sec. 5G1.3
 
 
 22
 Erving also argues that Sec. 7B1.3 conflicts with Sec. 5G1.3(b), and that under Sec. 5G1.3(b), he is entitled to a concurrent sentence.[3]
 
 
 23
 We do not read the two sections as being in conflict, because the sections address different situations. Section 5G1.3 is more general in nature, and discusses sentences to be imposed when an additional offense is committed, not when a defendant has breached the conditions of his release. Chapter 5 deals with sentences for offenses, after a determination of guilt. Chapter 7 deals with violations of probation and supervised release. A violation will often be an offense, as well, but many violations of conditions of probation or supervised release are not. Section 7B1.3 specifically deals with the latter situation. As aptly put by the district court,
 
 
 24
 the rationale is that when a person is put on court supervision, there's a bond of trust. He's--he owes a debt of trust to the Court. He promises to abide by certain conditions and terms. And when he violates those conditions, he has breached his trust. That's the theory. And, therefore, when he is sentenced on revocation, he is sentenced not for what he did that caused revocation, but he's being sentenced for what he did in breaching that bond of trust that he owed to the Court. That's the philosophy, and that's why consecutive sentences [are] ... provided for, because he's not being sentenced for what he was convicted in state court of. He's being sentenced because on more than one occasion, and in addition to what he was sentenced in state court for, he violated the terms and conditions of supervised release, and that is a separate matter deserving of a separate sentence.
 
 
 25
 Tr. at 57-58. We find no conflict between Sec. 7B1.3 and Sec. 5G1.3, and conclude that Sec. 7B1.3, rather that Sec. 5G1.3, applies to Erving.[4]
 
 
 26
 C. District Court's Understanding of its Power to Depart
 
 
 27
 Erving's main brief is not subdivided into particular arguments. The argument directed at refusal to depart is contained in nine lines of his brief: "[Judge McDade's] erroneous belief that he did not have the authority to order such a [concurrent] sentence was the basis for his decision to impose a consecutive sentence upon Defendant-Appellant. He did not believe that he had the discretion to order a departure from the Policy Statement contained within Section 7B1.3. A claim that a judge erroneously believed that he was without authority to grant such a departure is 'cognizable by way of appeal.' 18 U.S.C. 3742(a)(1-3)[;] U.S. v. Forrest [,] 881 F.2nd 976 (11[th] Cir.1989)." Erving Br. at 17.
 
 
 28
 It is true that Judge McDade spoke emphatically of the effect of Sec. 7B1.3 as depriving him of any "discretion but to sentence the defendant to consecutive sentences." Tr. at 56. His only reference to departure was contained in language attached to the judgment on revocation: "the Court finds no reason to depart from the sentence called for by application of the policy statements." Feb. 3, 1994 J. Order at 3. Nevertheless he had held an evidentiary hearing on Erving's motion for departure. He did not state any view that he would have no power anyway.
 
 
 29
 Notwithstanding some degree of vagueness on the point, we think the record shows a decision by Judge McDade that Sec. 7B1.3 was binding and required a consecutive sentence and that a departure was not warranted.
 
 III. CONCLUSION
 
 30
 Accordingly, the sentence of Ron Erving is AFFIRMED.
 
 
 
 [1]
 Three circuits have held, pre-Stinson, that Chapter 7 policy statements are not binding on courts. United States v. Thompson, 976 F.2d 1380, 1381 (11th Cir.1992); United States v. Lee, 957 F.2d 770, 773 (10th Cir.1992); United States v. Blackston, 940 F.2d 877, 893 (3d Cir.), cert. denied, 112 S.Ct. 611 (1991). Two circuits have held since Stinson, but without discussing that case, that Chapter 7 policy statements are not binding. United States v. O'Neil, 11 F.3d 292, 301 n. 11 (1st Cir.1993); United States v. Hooker, 993 F.2d 898, 900 (D.C.Cir.1993). Six circuits have held since Stinson, and by distinguishing it, that Chapter 7 policy statements are not binding because of their nature; the chapter stands alone (i.e. it does not interpret a particular guideline) and the chapter was meant to be advisory (see U.S.S.G. Chapter 7 Part A Secs. 1, 3(a) and 5). United States v. Denard, 24 F.3d 599, 602 (4th Cir.1994); United States v. Mathena, 23 F.3d 87 (5th Cir.1994); United States v. Sparks, 19 F.3d 1099, 1101 n. 3 (6th Cir.1994); United States v. Forrester, 19 F.3d 482, 484-485 (9th Cir.1994); United States v. Anderson, 15 F.3d 278, 284 (2d Cir.1994); United States v. Levi, 2 F.3d 842, 845 (8th Cir.1993)
 
 
 [2]
 18 U.S.C. Sec. 3584(a) (effective Nov. 1, 1987) provides that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.... Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Section 3584(b) states that "[t]he court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, ... the factors set forth in section 3553(a) ["Factors to be considered in imposing a sentence"]."
 
 
 [3]
 Section 5G1.3(b) provides:
 If subsection (a) does not apply [it does not apply to Erving], and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.
 
 
 [4]
 One aspect of Erving's argument rests on the proposition that his supervised release was revoked based on the same occurrences for which he was sentenced in state court. A review of the Petition and Supplements reveals that the district court was presented with a number of different occasions on which Erving was involved with cocaine, and differing types of violations (e.g. involving use as well as delivery of cocaine, and failure to cooperate with treatment programs and testing)