**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alvis Tyrone THOMPSON, a/k/a Michael A. Blair, Defendant–Appellant.**

**No. 91–1012 Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Nov. 5, 1992.

---

Arthur J. Madden, III, Madden & Soto, Mobile, Ala., for defendant-appellant.

Donna E. Barrow, Ginny S. Granade, U.S. Attorney's Office, Mobile, Ala., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, KRAVITCH and EDMONDSON, Circuit Judges.

PER CURIAM:

This appeal presents the question of the weight a district judge must give to the United States Sentencing Commission's policy statements relating to the revocation of supervised release. Specifically, do these policy statements constitute binding authority or are they merely advisory? Following the lead of the Third, Fifth, and Sixth Circuits, *see United States v. Blackston*, 940 F.2d 877, 893 (3d Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 611, 116 L.Ed.2d 634 (1991); *United States v. Headrick*, 963 F.2d 777 (5th Cir.1992); *United States v. Cohen*, 965 F.2d 58 (6th Cir.1992), we hold that such policy statements are advisory.

In this case, the appellant, while serving a three-year term of supervised release (imposed as part of his sentence for a Class D felony), tested positive for cocaine use, and the court revoked his supervised release. The Sentencing Commission's policy statements designated appellant's cocaine use a Grade C violation, *see* U.S.S.G. § 7B1.1(a)(3) p.s. (Nov. 1991), and, with a Criminal History Category V, his revocation range called for seven to thirteen months imprisonment. *See* U.S.S.G. § 7B1.4, p.s. The relevant statutory provisions, however, required the court to sentence appellant to prison for at least one year (one-third of his three-year term of supervised release), *see* 18 U.S.C. § 3583(g) (1986), and gave it the discretion to sentence him to prison for as much as two years, *see* 18 U.S.C. § 3583(e)(3) (Supp. 1990). The district court considered the policy statement, but considered its upper limit (thirteen months imprisonment) inadequate under the circumstances. The court opted, instead, to sentence appellant to twenty-four months imprisonment, the maximum term authorized by section 3583(e)(3). We cannot say that, in doing so, the court abused its discretion. Accordingly, its judgment is

AFFIRMED.