UNITED STATES of America,
Plaintiff–Appellee,

v.

Albert MILANO, Defendant–Appellant.

No. 92–5035.

United States Court of Appeals,
Eleventh Circuit.

Sept. 22, 1994.

Cloud H. Miller, III, Richard D. Biggs, Atlanta, GA, for appellant.

Roberto Martinez, U.S. Atty., Ilona M. Holmes, U.S. Atty's Office, S.D.Fla., Ft.

Lauderdale, FL, Robert Senior, Asst. U.S. Atty., Miami, FL, for appellee.

Before TJOFLAT, Chief Judge, COX, Circuit Judge, and YOUNG *, Senior District Judge.

GEORGE C. YOUNG, Senior District Judge:

Albert G. Milano appeals his sentence imposed by the district court upon the revocation of Milano's probation. We affirm.

## I. STATEMENT OF THE CASE

On September 15, 1989, pursuant to a plea agreement, Appellant entered a guilty plea to one count of conspiracy to possess with intent to distribute a Schedule II narcotic controlled substance (Dilaudid and Percodan) in violation of 21 U.S.C. § 846. The district court ordered that a Presentence Investigation Report [PSI] be prepared by the United States Probation Office.

Appellant filed written objections to the PSI. At the sentencing hearing held July 6, 1990, however, Appellant chose not to proceed on his objections, as a result of receiving the benefit of the government's motion for downward departure based upon section 5K1.1, United States Sentencing Guidelines.[1] The district court adopted the recommendation in the PSI as to the applicable guidelines factors [2] and formally granted the government's departure motion. As a result of that motion, the district court withheld the imposition of confinement and placed Appellant on probation for a period of five years, subject to certain enumerated conditions of probation.

On June 10, 1992, Appellant was arrested by the Broward County Sheriff's Department for delivery of Dilaudid to a confidential informant on two occasions and for possession of drug paraphernalia. Based upon these offenses, Appellant's probation officer filed a "Petition for Probation Action" alleging that Appellant had violated the condition of his probation that he not violate any law while on probation. Accordingly, on June 15, 1992, the district court issued a warrant for Appellant's arrest. He was arrested on June 25, 1992.

At the final revocation and sentencing hearing, which was held on October 22, 1992, Appellant informed the district court that he did not contest the charges. The court accepted a plea of nolo contendere to the violations of probation and revoked Appellant's probation. Appellant's counsel conceded the fact that Appellant's objections to the PSI had been waived at the time Appellant was originally sentenced to probation, but argued that the objections should still be considered because the government was seeking a new sentence. The district court responded that Appellant had waived his objections by not pursuing them at the prior sentencing hearing.

Utilizing the original PSI, the district court sentenced Appellant to 151 months in the Bureau of Prisons, followed by a term of three years of supervised release. In compliance with our decision in *United States v. Jones*, 899 F.2d 1097 (11th Cir.1990), the district court informed the parties that, at that point, it was the court's duty

---

* Honorable George C. Young, Senior U.S. District Judge for the Middle District of Florida, sitting by designation.

1. With respect to his objections to the PSI, Appellant's trial counsel stated that "the fundamental question here is really how much in the way of drugs Mr. Milano had in his possession at the time he was arrested, or in his house, et cetera." Counsel then represented to the sentencing judge that Appellant's objections "might be moot" because the government had made a section 5K1.1

motion and that, if the judge were to "do something extraordinary" by sentencing Appellant to a term of supervised release and no further jail time, then "we needn't do anything with the PSI," and "what's in the PSI doesn't matter."

2. Based upon a total offense level of 34 and a Criminal History Category of I, Appellant's sentencing guideline range was established at 151 to 188 months' imprisonment.

to elicit from counsel ... fully articulated objections which any party may have to the court's findings of fact and conclusions of law as announced at this sentencing hearing; and further to elicit from counsel any objections which any party may have to the manner and method in which sentence was imposed in this case.

Counsel for Appellant responded with one objection, as follows:

> [T]he sentence amounts to an upward departure pursuant to Application Note 47(b)1.4 [sic] without sufficient and adequate notice from the Government or the Court, that the Court did not consider the revocation table.

The district court then explained that the source of its authority for imposing sentence in the case was section 3565 of Title 18, United States Code, and that it had determined that the Revocation Table contained in Section 7B1.4 of the United States Sentencing Commission Guidelines manual did not apply.[3] On October 29, 1992, the district court entered a written Judgment and Commitment upon Revocation of Probation which reflected the sentence announced at the hearing. Appellant is now serving that sentence.

## II. ISSUES

(1) Whether the district court failed to comply with Rule 32(c)(3)(D) by refusing to consider Appellant's objections to the PSI.

■ Appellant argues that the district court erred at the probation revocation hearing by refusing to consider his objections to the PSI before imposing sentence. The government responds that Appellant waived all

objections to the PSI at his initial sentencing hearing.

Rule 32(c)(3) sets forth the proper procedure for challenging allegedly inaccurate information contained in a PSI. In accordance with that rule, at the initial sentencing hearing the district court afforded Appellant the opportunity to challenge any of the information reflected therein prior to the imposition of sentence. Counsel for Appellant elected not to make clear and specific objections to information in the PSI and, instead, informed the district court that "we needn't do anything with the PSI" and "what's in the PSI doesn't matter." *See* footnote 1, *supra.* The district court did not err in interpreting counsel's statements as an acceptance of the PSI, as defense counsel clearly indicated that sentencing could proceed.

On this record, we hold that Appellant waived any requirement on the part of the district court to make a finding as to any alleged factual inaccuracies contained in the PSI. *See United States v. Aleman,* 832 F.2d 142 (11th Cir.1987); *United States v. Edmondson,* 818 F.2d 768 (11th Cir.1987).

(2) Whether the district court erred in not applying the Revocation Table contained in section 7B1.4 to determine Appellant's sentence.

Appellant maintains that the district court erred in failing to sentence Appellant within the applicable range set forth in section 7B1.4 of the United States Sentencing Commission Guidelines Manual. Under section 7B1.4(a), the range of imprisonment applicable upon revocation is determined by plotting a defendant's grade of violation against his criminal history category at the time of his original sentence to a term of supervision.

---

**3.** Defense counsel objected to the fact that the district court "did not consider the revocation table." The following colloquy then took place:

  THE COURT: The Court did not consider the revocation table and the Court finds that the revocation table does not apply in this case.
  . . . .
  And if ..., the Court of Appeals or the Supreme Court tells me that the revocation table is

what applies, I'll certainly be happy to apply those standards in the revocation table.
  . . . .
  DEFENSE COUNSEL: I understand, Judge, but the essence of my objection is saying the Court did not consider the table at all—
  THE COURT: Oh, I considered it. I want to be clear, I considered it, but I don't think it applies here.

Appellant's conduct in possessing and delivering controlled substances equated to a Grade A violation, and his applicable criminal history category was I. Those factors yielded a sentencing range of 12–18 months' imprisonment based on the table set forth in section 7B1.4.

Section 7B1.4(b)(2) provides exceptions to the sentencing ranges set forth in subsection (a), including the following:

> Where the minimum term of imprisonment required by statute, if any, is greater than the maximum of the applicable range [in the Revocation Table], the minimum term of imprisonment required by statute shall be substituted for the applicable range.

(Emphasis added).

Section 3565(a)(2) of Title 18 provides in pertinent part:

> (a) Continuation or revocation.—If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may . . .
>
> > (1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or
> >
> > (2) revoke the sentence of probation and any other sentence that was available under subchapter A at the time of the initial sentencing.
>
> Notwithstanding any other provision of this section, if a defendant is found by the court to be in possession of a controlled substance, thereby violating the condition imposed by section 3563(a)(3), the court shall revoke the sentence of probation and sentence the defendant to not less than one-third of the original sentence.

■ Thus, the minimum sentence available to the district court upon the revocation of Appellant's probation under section 3565 was 50.33 months, which is one-third of 151 months, the minimum term available at the time of the initial sentencing. Pursuant to section 7B1.4(b)(2) of the Guidelines Manual, because the minimum term required by section 3565 (approximately 50 months) is greater than the maximum of the applicable range set forth in the Revocation Table (18 months), 50 months would be substituted for the range of 12–18 months set forth in the Revocation Table. Thus, if the sentencing court was bound to use the Chapter 7 Revocation Table, Appellant's sentence could only have been 50 months.

We previously held, however, that the policy statements contained in Chapter 7 of the Guidelines are advisory, not binding. *See United States v. Thompson,* 976 F.2d 1380, 1381 (11th Cir.1992). While neither party has addressed the impact, if any, of the United States Supreme Court's decision in *Stinson v. United States,* — U.S. —, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993), on *Thompson,* we recognize that *Stinson* may call into question the continued vitality of our holding in that case.

The issue in *Stinson,* which involved the interpretation of the phrase "crime of violence" as used in Chapter 4 of the Guidelines, was whether the commentary to the Guidelines which defined the phrase was binding on a sentencing court. The Supreme Court held that the commentary to the Guidelines is binding unless it violates the Constitution or a federal statute, or is inconsistent with or a plainly erroneous reading of that guideline. In so holding, the Court reasoned that the commentary interpreting the Guidelines is analogous to an agency's interpretation of its own legislative rules. The Court noted that "[t]he principle that the Guidelines Manual is binding on federal courts applies as well to policy statements," citing *Williams v. United States,* 503 U.S. —, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992). — U.S. at —, 113 S.Ct. at 1917, 123 L.Ed.2d at 606. In *Williams,* the Supreme Court held that "[w]here . . . a policy statement prohibits a district court from taking a specified action, the statement is an authoritative guide to the meaning of the applicable guideline." 503 U.S. at —, 112 S.Ct. at 1119, 117 L.Ed.2d at 353.

After *Stinson,* the overwhelming majority of the Circuit Courts of Appeal considering

the issue have distinguished *Stinson* and *Williams* and held that, while the sentencing court in a probation revocation proceeding must consider the Chapter 7 policy statements, those statements are *not* binding. *See United States v. Anderson,* 15 F.3d 278 (2d Cir.1994); *U.S. v. Mathena,* 23 F.3d 87 (5th Cir.1994); *United States v. Sparks,* 19 F.3d 1099 (6th Cir.1994); *United States v. Levi,* 2 F.3d 842 (8th Cir.1993); *United States v. Forrester,* 19 F.3d 482 (9th Cir. 1994). *But see United States v. Lewis,* 998 F.2d 497 (7th Cir.1993) (holding that, under *Stinson,* all Guidelines policy statements, including those in Chapter 7, are binding). Consistent with the majority of the Courts of Appeal considering the issue, we hold that a sentencing court must consider but is not bound by the policy statements of Chapter 7 in imposing sentence upon the revocation of probation.

Under *Stinson,* commentary interpreting a guideline is binding and authoritative on the courts; under *Williams,* a policy statement prohibiting a district court from taking a specified action is binding.[4] Section 7B1.4, at issue in this case, neither interprets a guideline nor prohibits the district court from taking a specified action. We note that, in Chapter 7, the Sentencing Commission expressly stated that it issued "advisory" policy statements for the revocation of supervised release rather than guidelines because a policy statement provides the district court with "greater flexibility" than a guideline. U.S.S.G. Ch. 7, Pt. A 3(a).

Accordingly, consistent with *Thompson* and the reasoning set forth above, we hold that, while the district court in this case was required to consider the Chapter 7 policy statements in determining Appellant's sentence, the Court was not bound to apply the sentence set forth in section 7B1.4.

█ There is no question the district court in this case was within its statutory authority when it sentenced Appellant to a 151–month term of incarceration, a sentence which was allowable at Appellant's initial sentencing. A review of the transcript satisfies us that the district court considered, then rejected, the suggested sentencing range set forth in the section 7B1.4 Revocation Table.

(3) Whether the district court overlooked language in 18 U.S.C. § 3565(a) providing it had discretion to sentence Appellant to one-third of his original sentence.

█ Appellant contends that his sentence must be vacated because the district court was unaware that, pursuant to 18 U.S.C. § 3565(a), it had discretion to sentence Appellant to a term shorter than the original sentence. This argument is foreclosed by *United States v. Jones,* 899 F.2d 1097 (11th Cir.), *cert. denied,* 498 U.S. 906, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), in which we held that,

> [w]here the district court has offered the opportunity to object and a party is silent or fails to state the grounds for objection, objections to the sentence will be waived for purposes of appeal, and this court will not entertain an appeal based upon such objections unless refusal to do so would result in manifest injustice.

899 F.2d at 1103. The procedure announced in *Jones* became effective in August of 1990; Appellant's probation was revoked on October 22, 1992. The record reveals that the district court in this case properly offered Appellant the opportunity to make specific objections to the sentence and Appellant failed to articulate this objection.

Because Appellant failed to raise this objection at sentencing, and because we find no manifest injustice, we decline to consider this argument.

### III.  CONCLUSION

For the reasons expressed, the sentence imposed by the district court is

AFFIRMED.

COX, Circuit Judge, specially concurring:

In addressing Appellant's first issue on this appeal, the court holds that the Appel-

---

4. Neither *Stinson* nor *Williams* involved Chapter 7.

lant waived the right to object to the sentencing court's failure to make a finding regarding the quantity of drugs with which he was chargeable. This waiver occurred, the court holds, when Appellant failed to reassert the objection after he was given a probationary sentence. This rule seems harsh. The quantity of drugs involved had no effect whatever on the probationary sentence the court had imposed. It is clear, however, that Appellant waived the objection at the time he was sentenced following revocation of his probation. I therefore concur in the result as to this issue. I would save for another day a decision relative to whether one in the position of this Appellant irrevocably waived the objection at the initial sentencing.

I join the part of the court's opinion addressing Appellant's second issue on this appeal.