United States Court of Appeals,

Eleventh Circuit.

Nos. 95-2151, 95-2258

Non-Argument Calendars.

UNITED STATES of America, Plaintiff-Appellee,

v.

Michael A. HOFIERKA, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Ronald Carl ANDREWS, a/k/a "Barracuda", Defendant-Appellant.

May 16, 1996.

Appeals from the United States District Court for the Middle District of Florida. (Nos. 93-67-CR-J-20, 88-60-Cr-J-20), Harvey E. Schlesinger, Judge.

Before TJOFLAT, Chief Judge, and HATCHETT and ANDERSON, Circuit Judges.

PER CURIAM:

This case comes to us on consolidated appeal. Appellants Michael A. Hofierka and Ronald Carl Andrews separately appeal the sentences imposed on them for violating the terms of their supervised release. In both cases, the sentencing judge exceeded the sentencing range set forth in Chapter 7 of the Sentencing Guidelines. *See* U.S.S.G. § 7B1.4(a). On appeal, appellants argue: 1) that the district court was bound by the Chapter 7 sentencing range and erred in imposing a sentence in excess of this range; and 2) that the district court erred in failing to provide notice of its intent to exceed the sentencing range. In addition, Andrews argues that the district court erred in its reliance on his state

conviction in revoking his supervised release.[1]  We affirm.

## I. BACKGROUND

A. *Appellant Hofierka*

In 1993, Hofierka pleaded guilty to making a false claim to an agency of the United States in violation of 18 U.S.C.A. § 287.  On August 19, 1993, the district court sentenced him to nine months of imprisonment and three years of supervised release.  As one of the terms of Hofierka's supervised release, the court ordered that he participate in a drug treatment program and refrain from using illegal drugs.  Hofierka's term of supervised release began in May 1994, but by December of that year, revocation proceedings had begun.

The petition seeking revocation of his supervised release alleged that Hofierka violated the conditions of his release by using cocaine and failing to participate in a drug treatment program.  At his revocation hearing, Hofierka admitted that he had been dismissed from his drug treatment program because of his drug use.  The district court revoked Hofierka's supervised release and sentenced him to twenty-four months of imprisonment.[2]  The twenty-four-month sentence exceeded the applicable Chapter 7 sentencing range of seven to thirteen months.  *See* U.S.S.G. §

---

[1]We reject, without further discussion Andrew's argument that the district court violated *United States v. Jones,* 899 F.2d 1097, 1102-03 (11th Cir.), *cert. denied,* 498 U.S. 906, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), *overruled on other grounds sub nom. United States v. Morrill,* 984 F.2d 1136 (11th Cir.1993).

[2]Because the offense for which a term of supervised release was imposed upon Hofierka was a class D felony, 18 U.S.C.A. §§ 287, 3559(a), the maximum term of imprisonment for the revocation of his supervised release was two years.  18 U.S.C.A. § 3583(e)(3).

7B1.4(a).  The court imposed this sentence over Hofierka's objection that it exceeded the applicable range.

B. *Appellant Andrews*

In 1988, Andrews pleaded guilty to possession of marijuana, in violation of 21 U.S.C.A. § 844(a), and possession of cocaine with intent to distribute, in violation of 21 U.S.C.A. § 841(a)(1).  The district court sentenced Andrews to imprisonment of sixty-three months and five years of supervised release.  As one of the conditions of his supervised release, Andrews could not commit another federal, state, or local crime.

In October 1992, Andrews began his term of supervised release.  Within one year, in September 1993, Andrews was arrested in Florida for violations of state law which included conspiracy to traffic in cocaine and possession of a firearm by a convicted felon.  On October 19, 1993, Andrews pleaded guilty to these charges; however, he subsequently moved to set aside his plea.  He argued that he had not been advised that the offense to which he pleaded guilty carried a fifteen-year mandatory minimum prison sentence and that the state court had improperly promised that his state sentence would run concurrently to any federal sentence he received for violating the terms of his supervised release.  The state court denied Andrew's motion.  His conviction was affirmed on appeal.

Meanwhile, on October 29, 1993, proceedings had begun in federal court to revoke Andrews' supervised release.  At his final revocation hearing, Andrews refused to admit he had committed a violation of the terms of his supervised release.  He argued that the denial of his motion to withdraw his guilty plea was pending

before a state appellate court.  The district court granted the government's motion for a continuance of the revocation hearing.[3] By the time the proceedings resumed, Andrews' conviction had been affirmed on appeal.  He continued to argue, however, that his guilty plea was invalid for the same reasons he pressed before the state court.

In support of its contention that Andrews violated the terms of his supervised release, the government offered only Andrews' state judgment of conviction.  Andrews did not challenge the fact of his conviction or the admission of the judgment into evidence. Instead, he offered a copy of his plea agreement into evidence. [4] Andrews argued that the plea agreement on its face proved that his state conviction was based upon an invalid guilty plea. [5]  The district court rejected these contentions and found that Andrews had violated the terms of his supervised release.  Andrews was

_____

[3]The court granted the continuance in order to provide the government the opportunity to gather enough evidence to prove the supervised release violation without having to rely exclusively on the state conviction.  At the postponed sentencing hearing, however, the government resorted to exclusive reliance on the conviction.

[4]The plea agreement provided, in relevant part:

> I will enter a plea of guilty to the charge of
> Conspiracy to Traffick [sic] in Cocaine for a maximum
> sentence not to exceed fifteen (15) years in the
> custody of the Department of Corrections and a fine not
> to exceed $250,000.00.  Any sentence I receive in the
> State System will run concurrently with any sentence I
> might receive from the Federal Court for my Violation
> of Probation.

[5]Andrews contends that the state failed to inform him of the mandatory minimum sentence for the crime to which he pleaded guilty and improperly represented that his federal sentence would be concurrent to his state sentence.

sentenced to five years of imprisonment.[6]  Before imposing this sentence, the court noted that Andrews had committed the violation within one year of beginning supervised release and that, based on this history, "that seems to be a course of conduct he periodically follows."  The term of imprisonment imposed on Andrews exceeds the range of twenty-four to thirty months set forth in Chapter 7 of the Sentencing Guidelines.  See U.S.S.G. § 7B1.4(a).

## II. DISCUSSION

A. *Sentences under Chapter 7*

Hofierka and Andrews argue that the district court improperly imposed a sentence in excess of the range specified in U.S.S.G. § 7B1.4(a).  Chapter 7 of the Sentencing Guidelines contains policy statements which provide ranges of imprisonment that a court may follow when revoking probation or supervised release.  *See* U.S.S.G. Ch. 7, Pt. A, intro.  We have unequivocally held that the Chapter 7 policy statements are merely advisory, i.e., they are not binding.  *United States v. Thompson,* 976 F.2d 1380, 1381 (11th Cir.1992).  Appellants argue that this holding has been undercut by two recent decisions of the Supreme Court:  *Stinson v. United States,* 508 U.S. 36, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993), and *Williams v. United States,* 503 U.S. 193, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992).  This argument is frivolous as we have held that our rule in *Thompson* is unaffected by either *Stinson* or

---

[6]Because one of the offenses for which a term of supervised release was imposed upon Andrews was a class A felony, 21 U.S.C.A. § 841(a)(1);  18 U.S.C.A. § 3559(a), the maximum term of imprisonment for the revocation of his supervised release was five years.  18 U.S.C.A. § 3583(e)(3).

*Williams.*[7]  *United States v. Milano,* 32 F.3d 1499, 1502-03 (11th Cir.1994).

Appellants go further, however, by arguing that the recent amendment of 18 U.S.C.A. § 3553(a)(4)(B) requires sentencing courts to follow the Chapter 7 policy statements.  The Violent Crime Control & Law Enforcement Act of 1994, effective September 13, 1994, amended § 3553 to read, in relevant part:

> (a) Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider—
>
> .    .    .    .    .
>
> (4) the kinds of sentence and the sentencing range established for—
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced;  or
>
> (B) <u>in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code</u>;
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2) that is in effect on the date the defendant is sentenced;
>
> ....
>
> (b) Application of guidelines in imposing a sentence.—The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into

---

[7]We are disturbed by the fact that appellants have raised this issue in light of our unmistakable holding in *Milano.* Appellants fail to distinguish or even mention this case.

consideration by the Sentencing Commission in formulating the guidelines and that should result in a sentence different from that described.

(new text underlined). Appellants argue that subsection (b) requires the sentencing court to impose a sentence within the range specified for a violation of probation or supervised release.

The Sixth Circuit in *United States v. West,* 59 F.3d 32 (6th Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 486, 133 L.Ed.2d 413 (1995), recently rejected this argument. The court held that the amendment to § 3553 does not render the sentencing range in Chapter 7 mandatory. First, it found that, under the plain meaning of subsection (b), a sentencing court is only required to impose a sentence within the applicable *guideline* range. *Id.* at 35. The court held that because Chapter 7 is merely a policy statement and not a guideline, sentencing courts are not bound by it. *Id.*[8] We readily follow the court in *West* and adopt its reasoning. *See also United States v. Escamilla,* 70 F.3d 835 (5th Cir.1995).

The plain language of § 3553 indicates that the sentencing court, in imposing a sentence upon revocation of a defendant's supervised release, must at least *consider* the sentencing range prescribed by the Sentencing Commission's policy statements. The heading and text of subsection (b) make clear that its mandatory language refers only to those situations in which sentences are imposed pursuant to *guidelines.* Because the Chapter 7 sentencing range is a mere policy statement and not a guideline (in the sense

---

[8]Further, the court properly noted that if the Sentencing Commission decides to issue true "guidelines" rather than policy statements, courts will be bound to impose sentences within the specified range. *Id.*

of binding courts), the language in subsection (b) does not apply to sentencing under Chapter 7.

Indeed, the interpretation pressed by appellants would not make practical sense. The Sentencing Commission specifically stated in Chapter 7 that it issued advisory policy statements rather than guidelines for sentences imposed upon the revocation of supervised release in order to provide district courts with greater flexibility. *Milano,* 32 F.3d at 1503 (citing U.S.S.G. Ch. 7, Pt. A(3)(a)). It is against this backdrop that Congress amended § 3553. Congress understood that courts have consistently distinguished guidelines from mere policy statements and nothing in the statute persuades us that it intended to change the meaning of these words. Accordingly, consistent with *Milano, Thomas,* and the reasoning set forth above, "we hold that, while the district court in this case was required to consider the Chapter 7 policy statements in determining [appellants'] sentence, the Court was not bound to apply the sentence set forth in section 7B1.4." *Milano,* 32 F.3d at 1503.

Hofierka and Andrews alternatively argue that, even if the Chapter 7 sentencing range is not binding, the district court failed to consider this range before imposing the sentences. In *Milano,* we held that sentencing courts must consider the policy statements in Chapter 7 before imposing a sentence, although they are not bound to follow these statements. 32 F.3d at 1503. We review the district court's decision to exceed the Chapter 7 sentencing range for an abuse of discretion. *See United States v. Thompson,* 976 F.2d 1380, 1381 (11th Cir.1992).

As to both appellants, the record amply reveals that the district court adequately considered the Chapter 7 sentencing range. In both cases, the district court explicitly mentioned the Chapter 7 range and chose to exceed it.

B. *Notice of Intent to Exceed the Chapter 7 Sentencing Range*

Appellants argue that the district court failed to provide any notice of its intent to exceed the Chapter 7 sentencing range. It is clear that a district court must give a defendant reasonable notice before *sua sponte* departing upward from a guideline sentencing range "on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government." *Burns v. United States,* 501 U.S. 129, 137-38, 111 S.Ct. 2182, 2187-88, 115 L.Ed.2d 123 (1991); *United States v. Valentine,* 21 F.3d 395, 397 (11th Cir.1994). The purpose behind this rule is to promote "focused, adversarial resolution of the legal and factual issues relevant to fixing Guidelines sentences." *Burns,* 501 U.S. at 137, 111 S.Ct. at 2187. With proper notice, defendants are able to marshal evidence with which to contest facts supporting a proposed upward departure. *Valentine,* 21 F.3d at 398. We have not decided whether a sentencing court must give notice before exceeding a Chapter 7 recommended sentencing range.

Because we hold that the Chapter 7 sentencing range is not binding on district courts and that it is within their discretion to exceed this range, it follows that exceeding this range does not constitute a "departure." *See United States v. Mathena,* 23 F.3d 87, 93 n. 13 (5th Cir.1994) ("A sentence which diverges from

advisory policy statements is not a departure such that a court has to provide notice or make specific findings normally associated with departures under § 3553(b)."); *United States v. Davis,* 53 F.3d 638, 642 n. 15 (4th Cir.1995) ("It is well established that "[a] sentence which diverges from advisory policy statements is not a departure.' ") (quoting *Mathena,* supra); *United States v. Blackston,* 940 F.2d 877, 893 (3d Cir.), *cert. denied,* 502 U.S. 992, 112 S.Ct. 611, 116 L.Ed.2d 634 (1991) ("When working with policy statements (as opposed to guidelines), the district court is not required ... to impose a sentence outside of the prescribed range ... by finding an aggravating factor that warrants an upward departure...."). Consequently, we hold that the sentencing court is not required to give notice of its intent to exceed the Chapter 7 sentencing range.

This conclusion follows directly from the nature of sentencing under Chapter 7. By statute, Congress has authorized maximum terms of supervised release which vary depending on the nature of the original felony. 18 U.S.C.A. § 3583(b). For example, the maximum term of supervised release for a Class A or B felony is five years and for a Class C or D felony is three years.[9] Upon revocation of a term of supervised release, the court may require a defendant to serve in prison all or part of the term of supervised release authorized by statute without credit for time served on post-release supervision. 18 U.S.C.A. § 3583(e)(3). The court may not, however, impose a sentence upon revocation of greater than

_____

[9]The class of felony is determined by reference to 18 U.S.C.A. § 3559.

five years in prison where the original crime was a class A felony, three years where it was a class B felony, two years where it was a class C or D felony, or one year in any other case. *Id.* In Chapter 7 of the Sentencing Guidelines, the Sentencing Commission has promulgated policy statements which are intended to aid the court in imposing a sentence upon revocation of probation or supervised release. As discussed, these policy statements are not binding on district courts. Thus, any recommendation of sentences before the district court or argument against a particular sentence should be grounded in the common understanding that the district court may impose any sentence within the statutory maximum. A sentence in excess of the Chapter 7 range is not a departure, and is permitted so long as it is within the range imposed by Congress. No notice is necessary because the applicable range is dictated by statute, not by Chapter 7.

The facts of the present cases illustrate our point. Before sentencing Hofierka, the district court made clear that the maximum allowable sentence was two years. With this in mind, the parties discussed at length Hofierka's troublesome drug addiction and attempted to arrive at a sentence which would address his particular needs. Hofierka suggested a sentence within the Chapter 7 range, which was considered, but the court chose to impose the maximum sentence.

Similarly, at his final revocation sentencing proceeding, the court informed Andrews that although Chapter 7 recommended a range of twenty-four to thirty months, the maximum sentence was up to five years. The judge permitted both parties to present evidence

and argument on the appropriate sentence. Based on Andrews apparent pattern of committing drug offenses a short time after his release from prison, the court elected to impose the maximum sentence.

C. *Collateral Review of Andrews' Underlying Conviction*

Finally, Andrews contends that the district court erred in relying on his state conviction as grounds to revoke his supervised release. He challenges his state conviction, arguing that the state's misrepresentations rendered his guilty plea unconstitutional. Andrews entered into a written plea agreement with the Florida state attorney in which, he contends, he agreed to plead guilty to a charge of cocaine trafficking in exchange for a sentence not to exceed fifteen years and to run concurrently with the sentence he anticipated upon revocation of his supervised release. Relying on *Finch v. Vaughn,* 67 F.3d 909, 916 (11th Cir.1995), he urges us to declare his guilty plea unconstitutional because it was not knowing, intelligent, and voluntary.[10] He concludes that the district court improperly relied on this unconstitutional conviction as the sole evidence of a violation of the terms of his supervised release.

We hold that, under the circumstances of this case, the judgment of conviction was sufficient notwithstanding Andrews' claim that it was based on an unconstitutional guilty plea. A

---

[10]Andrews avers that, contrary to his plea agreement, the mandatory minimum sentence for the crime to which he pleaded guilty was fifteen years and that the state misled him in this regard. Further, he argues that the state improperly represented that his federal sentence would be concurrent to his state sentence.

court may revoke a defendant's term of supervised release and impose a prison sentence when it finds by a preponderance of the evidence that the defendant violated a condition of his or her supervised release. 18 U.S.C.A. § 3583(e)(3). A certified copy of a conviction is proper evidence that a defendant violated a state or federal law and, thereby, violated a condition of his or her supervised release.

As to Andrews' argument that the conviction was unconstitutional, a supervised release revocation proceeding is not the proper forum in which to attack the conviction giving rise to the revocation. *See United States v. Francischine,* 512 F.2d 827, 828-29 (5th Cir.), *cert. denied,* 423 U.S. 931, 96 S.Ct. 284, 46 L.Ed.2d 261 (1975) ("[T]he underlying validity of a conviction cannot be asserted as a defense in a probation revocation proceeding [and] the conviction's validity may be collaterally attacked only in a separate proceeding under 28 U.S.C.A. § 2255....").[11] *See also United States v. Fleming,* 9 F.3d 1253, 1254 (7th Cir.1993) ("The conviction itself, whether or not an appeal is taken, provides adequate proof of the violation of state law to justify revoking probation."); *United States v. Torrez Flores,* 624 F.2d 776, 780 (7th Cir.1980) ("However meritorious defendant's ... claim may be, an appeal from a probation revocation is not the proper avenue for a collateral attack on the underlying conviction."); *United States v. Gentile,* 610 F.2d 541, 542 (8th Cir.1979) ("Federal courts have consistently ruled that a criminal

---

[11] This case was decided prior to the close of business on September 30, 1981, and is binding precedent under *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981).

conviction provides sufficient grounds for revocation of probation even though an appeal from the conviction is still pending."); *United States v. Simmons,* 812 F.2d 561, 563 (9th Cir.1987) ("Irrespective of the merits of [defendant's] claim, an appeal from a probation revocation is not the proper avenue for a collateral attack on the underlying conviction.... [A] court should consider the petition for probation revocation as if the underlying conviction was unquestioned.").

The rule from *Francischine* unquestionably applies in this context. The Constitution does not require otherwise. *Cf. Custis v. United States,* --- U.S. ----, ----, 114 S.Ct. 1732, 1738, 128 L.Ed.2d 517 (1994) (suggesting that the Constitution may only require such collateral review for failure to appoint counsel to represent an indigent defendant); *United States v. Roman,* 989 F.2d 1117, 1120 (11th Cir.1993) (en banc) (suggesting that the Constitution may only require such collateral review of uncounseled convictions). As the Supreme Court recently suggested in a different but analogous context, refusal to permit such collateral attack of convictions furthers the goal of finality of judgments. *See Custis,* --- U.S. at ----, 114 S.Ct. at 1738-39. The sentence in this case will be presumed valid until it is vacated on direct review or in an appropriate collateral proceeding. *Cf. United States v. Almand,* 992 F.2d 316, 317 (11th Cir.1993) ("A sentence is presumed valid until vacated under § 2255."). If Andrews' conviction is reversed, he may seek appropriate modification of his supervised release revocation sentence at that time. *Cf. Custis,* --- U.S. at ----, 114 S.Ct. at 1739 ("If [defendant] is successful

in attacking these state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentence."). Of course, we express no opinion on what might constitute such an appropriate modification.

### III. CONCLUSION

Accordingly, for the foregoing reasons, we affirm the district court's judgments and sentences with respect to both Hofierka and Andrews.

AFFIRMED.[12]

---

[12]Appellants' requests for oral argument are DENIED.