[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-16439
Non-Argument Calendar
_____

D.C. Docket No. 94-00050-CR-T-24-TGW

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2005
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAVELL EUGENE JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida
_____

(June 17, 2005)

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Ravell Eugene Johnson appeals his sentence of eleven months imprisonment, imposed following his guilty plea for violating the terms of his supervised release.

In 1995, Johnson pleaded guilty to possession of a firearm by a convicted felon and car jacking, and was sentenced to concurrent terms of imprisonment totaling 126 months, to be followed by 2 years of supervised release. As one condition of his release, he could not use controlled substances. Johnson was released from incarceration in 2004, and a few months later, the probation officer filed a petition for warrant of arrest based on numerous violations of the conditions of Johnson's release, including, inter alia, a positive urinalysis test submitted three days after Johnson's release from prison.

At the revocation hearing, Johnson pleaded guilty to violating the conditions of his release based on the positive urinalysis test. The court determined that the conduct involved a Grade C violation, and that, with Johnson's criminal history category VI, the guidelines range was eight to fourteen months imprisonment. Johnson made no objections to these findings. The court then considered the factors set forth in 18 U.S.C. § 3553(a) and the policy statements of Chapter 7 of the sentencing guidelines and sentenced Johnson to eleven months imprisonment, explaining that continuing supervised release was "not an option." In reaching this sentence, the court noted Johnson's extensive criminal record, stating:

reviewing your record, it's pretty tough, I think you will admit that. It's a tough record, and it seems as though that when you get out you do something to get you back in again. You've spent a lot of those 44 years that you have in – you've spent a lot of those years in prison. . . . Every time that you get sentenced to go back into prison, it makes it tougher on whoever hears your case to expect that you're going to do anything better than what you have done.

Johnson did not object to the sentence. Johnson now appeals, challenging the imposition of a term of imprisonment rather than a continuation of his supervised release based on his single positive urinalysis test .

When a defendant fails to object to an error before the district court, we review the  argument for plain error. United States v. Hall, 314 F.3d 565, 566 (11th Cir. 2002); see also United States v. Olano, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Hall, 314 F.3d at 566; Olano, 507 U.S. at 732.

Under 18 U.S.C. § 3583, the court is required to revoke supervised release if the defendant (1) possessed a controlled substance, or (2) tested positive three

times over the course of one year.[1]  18 U.S.C. § 3583(g)(1), (4); see also U.S.S.G. § 7B1.4, comment. (n.5).  In cases involving other violations, the court may revoke release upon a finding that the defendant violated the terms of his release and after considering the factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3583(e).

Under Chapter 7 of the sentencing guidelines, the guidelines range is calculated based on the grade of the probation violation and the defendant's criminal history category at the time of the original sentencing hearing.  See U.S.S.G. § 7B1.4.  A Grade C violation permits the court to revoke supervised release or extend the term of release.  U.S.S.G. § 7B1.3(a)(2).  A court need only consider the sentencing guidelines policy statements in Chapter 7 in determining a defendant's sentence following violations of supervised release, as these

---

[1]  The government points out that Johnson may have been subject to the mandatory term of imprisonment because mandatory imprisonment is statutorily required if a defendant violates the terms of supervised release by possessing a controlled substance and the use of a controlled substance may be considered as evidence of possession.  See United States v. Almand, 992 F.2d 316 (11th Cir. 1993) (explaining that, although there was no indication that the district court believed it was required to equate use with possession, the district court reviewed the evidence and exercised its factfinding power to determine that Almand possessed a controlled substance on each of the four occasions on which he tested positive).  Here, however, the court made no such factual findings, and, therefore, we do not consider whether Johnson was subject to a mandatory term of imprisonment.  Because we do not address mandatory imprisonment following revocation, we need not consider whether Johnson was entitled to relief under U.S.S.G. § 7B1.3, comment. (n.6) (instructing that when the case involves a defendant who failed a drug test, the court "shall consider whether the availability of appropriate substance abuse programs, or a defendant's current or past participation in such programs, warrants an exception from the requirement of mandatory revocation and imprisonment.").

guidelines are not binding on the court.[2]  18 U.S.C. § 3553(a)(4)(B); see also

U.S.S.G. ch. 7, pt. A(1), (3)(a); Cook, 291 F.3d at 1301; United States v. Hofierka,

83 F.3d 357, 361 (11th Cir. 1996); United States v. Milano, 32 F.3d 1499, 1503

(11th Cir. 1994), superceded on other grounds by, Cook, 291 F.3d at 1300.

Johnson contends that the court erred because it believed that it was

required to impose imprisonment because another term of supervised release was

not an "option."  Although we do not know what the court meant by the statement

that supervised release was not an option, the district court indicated that it

considered the § 3553(a) factors as well as Johnson's criminal history to conclude

that a term of imprisonment was necessary in Johnson's case.  The court noted

Johnson's lengthy prison record and the fact that he repeatedly committed other

offenses after release.  The court sentenced Johnson at the middle of the guideline

range based on its consideration of his criminal history and the need for

deterrence, and there is no evidence that the court would have imposed a different

sentence had it known that imprisonment was not required.  Johnson's mere

speculation is insufficient to establish plain error.  See United States v. Rodriguez,

---

[2]  In revoking a term of probation, the court should consider the factors set forth in 18 U.S.C. § 3553(a)(1), including: the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, deterrence, and the need to provide the defendant with treatment.  18 U.S.C. §§ 3553(a)(1), 3583(e).

498 F.3d 1291, 1299-1300 (11th Cir.), petition for cert. filed, (No.04-1148) (Feb. 23, 2005). Accordingly, we AFFIRM.