[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 6, 2005
THOMAS K. KAHN
CLERK

No. 04-16694
Non-Argument Calendar

_____

D.C. Docket No. 04-00112-CR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS BOSWELL GRACE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(September 6, 2005)**

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Thomas Boswell Grace appeals his 42-month sentence for conspiracy to possess with intent to distribute 5 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846. We **AFFIRM**.

## I. BACKGROUND

A federal grand jury in the Southern District of Alabama indicted Grace and codefendant Kellie Leigh Brackner for conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Grace pled guilty to the only count in the indictment. In the Presentence Investigation Report ("PSI"), the probation officer stated that Grace's total offense level was 23. The probation officer calculated a subtotal of three criminal history points and indicated that, under U.S.S.G. § 4A1.1(d), two additional points should be added to Grace's criminal history calculation because he committed the instant offense while under a criminal justice sentence for a 3 May 1995 conviction for petit theft ("the 3 May 1995 conviction"). With the addition of these two criminal history points, Grace had five criminal history points and a criminal history category of III. The probation officer concluded that the applicable guideline sentencing range was 60 to 71 months of imprisonment.[1]

According to the Addendum to the PSI, Grace filed four written objections to the PSI. First, Grace objected to the factual information presented in five

---

[1] Based on Grace's total offense level of 23 and criminal history category of III, the guideline range for imprisonment was 57 to 71 months. However, because Grace's offense has a mandatory minimum penalty of 60 months, 21 U.S.C. § 841(b)(1)(B), the PSI calculated the applicable guideline range as 60 to 71 months of imprisonment, pursuant to U.S.S.G. § 5G1.1.

paragraphs in the PSI's section on his offense conduct. Second, he argued that the probation officer should not have added one criminal history point for a 3 November 1994 conviction because there was no proof that Grace had been represented by counsel. Third, Grace contended that the probation officer should not have added one criminal history point for Grace's conviction for driving with a revoked license. Fourth, Grace objected to the PSI's assessment of two criminal history points pursuant to U.S.S.G. § 4A1.1(d) on the grounds that he was not under a criminal justice sentence when the instant offense was committed. Additionally, Grace explicitly "demand[ed] that all factors which enhance his sentence be proven beyond a reasonable doubt" in light of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). R1-63 at 1.

At his sentencing hearing, Grace addressed all of objections he had filed in writing. First, Grace reiterated his objection to the addition of two criminal history points, pursuant to § 4A1.1(d), to reflect the fact that he was under a criminal justice sentence when the instant offense occurred. Grace explained that he received no sentence of imprisonment in relation to the 3 May 1995 conviction, but rather was ordered only to pay court fees and restitution. Grace maintained that two additional criminal history points should not be added because the sentence imposed for the prior conviction was essentially a fine, and the purpose

3

of the probation was to ensure that he paid that fine. Grace further objected to the addition of the two criminal history points under Blakely and contended that the government could not "prove beyond a reasonable doubt that that supervision [imposed as a result of the prior conviction] was for any other purpose than to collect a sum of money, whether you term it as a 'fine' or 'costs' and 'restitution.'" R4 at 3. Addressing Grace's arguments, the district court concluded that the addition of the two criminal points were added properly because there was a valid outstanding warrant for Grace's probation violation when the instant offense was committed. The district court did not address Grace's Blakely argument.

Second, Grace reiterated his objection to the factual information presented in the PSI. The district court declined to rule on the truthfulness of the factual statements but agreed to "make sure that your objections to [the PSI] and your version of the allegations, or your response to the allegations, are included, attached to the PSI that goes and follows [Grace]." Id. at 5. Grace's counsel stated that the district court's response was "sufficient." Id.

Third, Grace stated that the probation officer corrected the PSI in response to Grace's objection that one criminal history point should not have been assessed for Grace's prior conviction of driving with a revoked license. Fourth, Grace indicated that he had "no need to" press at sentencing his objection to the addition

4

of one criminal history point for Grace's 3 November 1994 conviction because his criminal history category would not be affected even if he prevailed on that objection.  Id. at 6.

The district court concluded that Grace's total offense level was 23, and his criminal history category was III.  The court granted the government's motion for a substantial assistance reduction and indicated that the government's recommendation of a 30% reduction in sentence was appropriate.  The district court sentenced Grace to 42 months of imprisonment and 4 years of supervised release.  It also imposed a special assessment of $100.

After stating Grace's sentence, the district judge asked Grace if there were any objections to the sentence.  Grace's counsel replied,

> Your honor, as far as the downward departure, the degree, there's no objection because I think that's absolutely within your discretion. And actually my previous objections are sort of rendered moot because of, you know, at the time I didn't know for sure if you were going to downwardly depart, because you don't have to grant it.  So I really don't think we have any objections that have any meaning at all.

Id. at 14 (emphasis added).

## II.  DISCUSSION

On appeal, Grace advances two main arguments.  First, he argues that the district court erred in enhancing his criminal history by two points, pursuant to

5

U.S.S.G. § 4A1.1(d), because the sentence imposed for his 5 May 1995 conviction was merely a fine and restitution and did not include a term of imprisonment in the event the fine was not paid.  Second, Grace contends that he did not admit the facts supporting the imposition of this enhancement, and, in light of United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), any fact other than a prior conviction must be either admitted by the defendant or established by the jury beyond a reasonable doubt.  In response, the government argues that Grace "essentially withdrew" his objection to the enhancement.[2]  Brief of Appellee at 12.

Where a defendant raises and then knowingly withdraws an objection to his sentence, we deem the objection waived and will not review it on appeal.  United States v. Masters, 118 F.3d 1524, 1526 (11th Cir. 1997) (per curiam) (refusing to apply the plain error doctrine where the defendant withdrew his objection at sentencing despite his awareness that the district court had committed error); United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002) ("[a] party who identifies an issue, and then explicitly withdraws it, has waived the issue"); see also United States v. Olano, 507 U.S. 725, 733, 113 S. Ct. 1770, 1777 (1993)

---

[2] The government also argues that (1) the district court properly concluded that Grace committed the instant offense while under a criminal justice sentence; and (2) any Booker error committed by the district court was harmless.  Because we conclude that Grace withdrew his objections, we need not address these arguments.

(discussing the difference between waiver and forfeiture). In ruling on a district court's failure to address certain objections, we have determined that a defendant had waived his filed, written objections to the PSI when, at sentencing, his counsel stated (1) that his objections "'might be moot'" because the government had made a section 5K.1 motion, and (2) that the judge could "'do something extraordinary'" by granting a low sentence, which would mean that the defendant "'needn't do anything with the PSI,' and 'what's in the PSI doesn't matter.'" United States v. Milano, 32 F.3d 1499, 1500 n.1, 1501 (11th Cir. 1994), superceded by statute on other grounds, United States v. Cook, 291 F.3d 1297, 1300 n.3 (11th Cir. 2002) (per curiam).

In this case, Grace objected to the enhancement in both filed, written objections to the PSI and at the sentencing hearing. However, after the district court announced his sentence, Grace's counsel stated that his "previous objections [were] sort of rendered moot" and that he "really didn't think [they] ha[d] any objections that ha[d] any meaning at all." R4 at 14. The language employed by Grace's counsel closely tracks that which we have deemed previously to constitute a waiver of a defendant's objections at sentencing. See Milano, 32 F.3d at 1500

n.1. Accordingly, we conclude that Grace withdrew his objections, and we decline

to consider them on appeal.[3]

## III. CONCLUSION

Because we conclude that Grace withdrew his objections at sentencing, we

**AFFIRM** his sentence.

---

[3] Even if Grace's objections were open to plain error review, his arguments would fail. We may not correct an error under the plain error standard unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights." United States v. Cotton, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002) (citation and internal quotations omitted). If these conditions are met, we may exercise our discretion to reverse the error only if "(4) the error seriously affects that fairness, integrity, or public reputation of judicial proceedings." Id. (citation and internal quotations omitted).

In this case, Grace's first argument would fail because the district court did not commit error in adding two points to Grace's criminal history calculation on the ground that Grace was under a "criminal justice sentence" when he committed the instant offense. When calculating a defendant's criminal history under the Guidelines, the district court must add two points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d). An outstanding violation warrant from a prior sentence is included in the definition of a "criminal justice sentence" so long as that prior sentence was "otherwise countable," even if the sentence for the underlying crime would have expired if not for the warrant. U.S.S.G. § 4A1.1, comment. (n.4). However, the two-point increase is not appropriate if the previous conviction resulted in "a sentence to pay a fine, by itself." Id. (emphasis added).

Grace does not dispute that he committed the instant offense while subject to an outstanding warrant. We reject Grace's contention that his sentence for the 5 May 1995 conviction does not qualify as a "criminal justice sentence" under the guidelines. The PSI indicates, and Grace does not dispute, that he received a fine and six months of probation for the 5 May 1995 conviction. Thus, the exception that the two-point increase is not appropriate if the previous conviction resulted in "a sentence to pay a fine, by itself," U.S.S.G. § 4A1.1, comment. (n.4), would not apply here.

Second, as to Grace's Booker argument, we have held that a defendant cannot satisfy the third prong of the plain error test unless he can prove that "there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir.), cert. denied 125 S. Ct. 2935 (2005). In this case, Grace cannot prove that he would have received a lesser sentence had the guidelines not been mandatory. Accordingly, his second argument would fail.