[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12880
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-00004-MP-AK-8

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KINZIE DECARLOS THOMAS,
a.k.a. KD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 7, 2014)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Kinzie Thomas appeals his 262-month sentence imposed after his probation revocation.  Because the sentence is neither procedurally nor substantively unreasonable, we affirm.

### I.

Thomas pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine, and more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and (iii), and 846.  At his sentencing proceedings, his initial guideline range was calculated at 262- to 327-months imprisonment.  However, his statutory minimum sentence, and thus his guideline range, became life imprisonment because he was considered a career offender based on his previous drug convictions.  United States Sentencing Guidelines (USSG) §§ 4B1.1, 5G1.1(b).  Prior to sentencing, the government filed a motion for reduction of sentence based on Thomas's substantial assistance.  As a result, the district court sentenced Thomas to five years probation.

Four years into his term of probation, Thomas admitted to violating its conditions by selling cocaine on three occasions.  The court sentenced him to 262-months imprisonment.  Thomas now challenges that sentence in this appeal.

### II.

2

Generally, appellate courts review sentencing decisions under an abuse-of-discretion standard.[1]  Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  We review the sentence imposed upon the revocation of probation for reasonableness.  See United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008) (per curiam); see also United States v. Mitsven, 452 F.3d 1264, 1266 n.1 (11th Cir. 2006) ("The analysis of the revocation proceedings relating to probation and supervised release are essentially the same." (quotation marks omitted)).  In reviewing the reasonableness of a sentence, we conduct a two-step inquiry.  Gall, 552 U.S. at 51, 128 S. Ct. at 597.  First, we must ensure that the sentence was procedurally reasonable, meaning the district court (1) properly calculated the guideline range, (2) treated the guidelines as advisory, (3) considered the § 3553(a) factors, (4) did not rely on clearly erroneous facts, and (5) adequately explained the chosen sentence.  Id.  Once we determine that a sentence is procedurally sound, we examine whether the sentence was substantively reasonable in light of the totality of the circumstances.  Id.

## A.

Thomas first argues that his sentence is procedurally unreasonable because the district court (1) did not consider the proper guideline range; (2) failed to

---

[1] Where, as here, a defendant raises an argument for the first time on appeal, we would typically review for plain error.  See United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000) (per curiam).  We have not yet decided in a published opinion whether plain error review applies to an unpreserved challenge to a sentence.  Because Thomas's claims fail under either plain error or an abuse-of-discretion standard, we need not decide that issue here.

justify what Thomas characterizes as an upward variance; and (3) failed to consider the § 3553(a) sentencing factors.  Our review of the record leads us to reject each of Thomas's arguments.

First, because Thomas's offense of conviction carried a statutory minimum term of life imprisonment, that term became Thomas's guideline range for a revocation of probation.  When a defendant violates a condition of probation, the court may revoke the sentence of probation and resentence the defendant. 18 U.S.C. § 3565(a)(2).  Section 7B1.4(a) of the Sentencing Guidelines provides a table that sets forth the range of imprisonment applicable upon revocation.  But that section also says, "[w]here the minimum term of imprisonment required by statute, if any, is greater than the maximum of the applicable range, the minimum term of imprisonment required by statute shall be substituted for the applicable range."  USSG § 7B1.4(b)(2); see also United States v. Milano, 32 F.3d 1499, 1503 (11th Cir. 1994) (finding USSG § 7B1.4(b)(2) applied and that "the district court in this case was within its statutory authority when it sentenced Appellant [upon revocation of his probation] to a 151-month term of incarceration, a sentence which was allowable at Appellant's initial sentencing").

We therefore reject Thomas's argument that the district court should have calculated his sentence using the table in § 7B1.4(a) as 51- to 63-months imprisonment based on his criminal history category of VI and his admitted

probation violation that was a Class A felony. See id. § 7B1.4(a). Instead, the correct guideline range for sentencing upon revocation was life imprisonment.[2] As a result, his 262-month sentence was not above the applicable guideline range and we therefore reject Thomas's second argument that the district court failed to justify an above-guideline sentence.

Third, although more detailed findings would have been preferable, the revocation hearing transcript shows the district court considered the § 3553(a) factors in making its sentence determination. The district court announced its sentencing decision "pursuant to the Sentencing Reform Act and all amendments," of which § 3553(a) is a part. See Sentencing Reform Act of 1984, Pub. L. No. 98-473, tit. II, ch. II, sec. 212(a), 18 U.S.C. § 3553(a), 98 Stat. 1837, 1989–90; see also United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (holding district court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors"). The district court also explained that its sentence determination was based upon Thomas's continued conduct selling illegal drugs after his previous sentence. These findings reflect the district court's consideration of the history and characteristics of the

---

[2] The revocation hearing is somewhat unclear as to what the district court considered to be the guideline range for revocation. Just before announcing Thomas's sentence, the district court identified the original guideline range as 262- to 327-months imprisonment. However, Thomas and the court also acknowledged at the start of the short hearing that Thomas "face[d] up to life imprisonment." The probation officer's report prepared prior to the revocation hearing also identified the possible revocation sentence as life imprisonment.

defendant, 18 U.S.C. § 3553(a)(1), and the need to promote respect for the law and afford adequate deterrence to criminal conduct, id. § 3553(a)(2)(A)–(B).  Beyond that, the district court's consideration of Thomas's initial 262- to 327-month guideline range—as calculated before the mandatory minimum life sentence required by his prior convictions—shows the court's consideration of the kinds of sentences and the sentencing range for the applicable category of offense committed.  Id. § 3553(a)(4).

Because we reject Thomas's arguments and find no other error under the Gall factors, we find the sentence was procedurally reasonable.

B.

We also conclude that Thomas's sentence is substantively reasonable.  The substantive reasonableness of a sentence is determined in light of the totality of the circumstances, and we will not vacate a sentence as substantively unreasonable unless we are left with the "definite and firm conviction" that the district court clearly erred in weighing the § 3553(a) factors and imposed a sentence outside the range of reasonable sentences.  United States v. Turner, 626 F.3d 566, 571 n.2, 573 (11th Cir. 2010) (per curiam).

Thomas's argument that his sentence is substantively unreasonable hinges significantly on his mistaken claim that his 262-month sentence was an upward departure from his guideline range.  But as we have explained, his guideline range

was life imprisonment, and he was sentenced well below that range.  As a result, Thomas's remaining arguments, concerning his lack of previous probation violations and extensive cooperation with the government, do not leave us with the definite and firm conviction that the district court erred.

### III.

Because the district court did not abuse its discretion when it sentenced Thomas, we **AFFIRM.**